GOTTFRIED STEINKRAUS *vs.* MINNEAPOLIS, LYNDALE & MINNETONKA RAILWAY COMPANY.

August 17, 1888.

**Motion for New Trial—Conclusiveness of Settled Case.**—A case properly settled and allowed cannot be disregarded by the court, in determining a motion for a new trial made upon such a record, although the court before whom the motion is made may be of the opinion that the case does not correctly set forth the facts.

Appeal by defendant from an order of the district court for Carver county, *Edson,* J., presiding, refusing a new trial in condemnation proceedings.

*M. D. Grover* and *G. M. Nelson,* for appellant.

*Odell & Steidl,* for respondent.

DICKINSON, J. This appeal is presented upon a case bearing the proper certificate of the judge who tried the cause in the court below, showing that the same, having been examined and found conformable to the facts and the truth, and to contain all of the proceedings in the action, was settled and allowed as the case. The record thus presented shows that, before the trial of the cause, this appellant moved, upon affidavits then filed, that the place of trial be changed to another county than the county of Carver, upon the ground that there was reason to believe that an impartial trial could not be had in that county. It appears to have been also then stated to the court that the affidavits, which were offered to be read, excused the previous delay in making such application. The case then states that "the court refused to hear the affidavits read, or to entertain the motion, for the reason that it was not made in time." After verdict, a new trial was sought on account of such refusal, and for other reasons. In considering the motion for a new trial, the court appears to have refused to regard this alleged error, for the reason, as stated in the memorandum made in connection with the order refusing a new trial, that "the case as settled does not set forth the facts respecting such motion; the same having been heard and determined on the merits." The reason thus assigned by the court below is insufficient to justify a refusal to consider and determine the motion for a new trial upon the facts as set forth in the settled case. A case having been settled, allowed, and authenticated in the manner prescribed by the statute, as a record of the proceedings in the cause, cannot be thus disregarded in subsequent proceedings properly founded upon the record so made. We must therefore assume that the court did refuse to entertain the motion for a change of venue, and to hear the affidavits upon which the same was made. What remedy there may be, if such a record shall have been erroneously made, we are not called upon to consider.

The affidavits upon which the motion to change the place of trial was made presented a case properly calling for the exercise of the judgment and discretion of the court, both as respects the ground upon which a change was asked, and as respects the appellant's de-

lay in moving therefor; and we cannot say that there has been no prejudice to the moving party from the refusal of the court (as we must assume) to hear the motion. Therefore the order refusing a new trial must be reversed.

NOTE. A motion for reargument of this case and the cases mentioned below was denied October 4, 1888.

---

The cases of Michael Reichenberger, of John Robling and of Louis Hahn against the Minneapolis, Lyndale & Minnetonka Railway Company, being appeals from orders by *Edson*, J., refusing new trials, were argued at the same time and by the same counsel as the foregoing case, and were disposed of in the following opinion.

DICKINSON, J. The principal question presented in all of these causes is identical with that decided in *Steinkraus* v. *Railway Co.*, *ante*, 135. For the reason stated in the opinion in that case the orders in each of these causes, refusing a new trial, are therefore reversed.